86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John McGLONE, Plaintiff-Appellant,
v.
Virgil COLE, in his individual capacity; Lewis County
Sheriff, Defendants-Appellees.
 No. 95-6160.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, John McGlone sued the Lewis County, Kentucky, Sheriff (Virgil Cole) in his individual capacity and the Lewis County Sheriff's Department. McGlone claimed that the defendants violated his constitutional rights by not timely serving seven subpoenas in his criminal trial. McGlone claimed that the failure to timely subpoena the seven witnesses denied him a fair trial.
 
 
 4
 Upon consideration of the parties' cross-motions for summary judgment, the magistrate judge recommended denying McGlone's motion for summary judgment and granting the defendants' motion for summary judgment because McGlone's claim was without merit. The district court adopted the magistrate judge's report and recommendation over McGlone's objections.
 
 
 5
 In his timely appeal, McGlone reasserts the claim he set forth in the district court.
 
 
 6
 Upon review, we conclude that the district court's judgment should be affirmed for reasons other than those set forth by the court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 7
 McGlone's claim simply does not state a cognizable claim for relief. McGlone argues that he was denied a fair trial because the defendants did not timely subpoena several witnesses at his criminal trial. A state prisoner does not state a cognizable claim challenging his conviction if a ruling on the claim would necessarily render his continuing confinement invalid, unless and until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 8
 A judgment in McGlone's favor would necessarily imply the invalidity of his state court conviction. McGlone claims that he was denied his right to compel witnesses to testify at his criminal trial because the defendants did not timely serve subpoenas. McGlone's conviction has not been invalidated. Therefore, his claim is not cognizable under § 1983. Id.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation